UNITED STATES DISTRICT COURT DISTRICT
OF NEW JERSEY

| | |
|---|---|
| YOEL GRUEN<br><br>        Plaintiff,<br><br>v.<br><br>AHUVA GRUEN<br><br>        Defendant. | Civil No. 21-17224 (MAS)(DEA)<br><br>**ORDER** |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court upon Plaintiff Yoel Gruen's ("Plaintiff") Motion to Appoint Pro Bono Counsel. ECF No. 4. This is Plaintiff's first Motion to Appoint Pro Bono Counsel in this Court. For the reasons outlined below, Plaintiff's Motion to Appoint Pro Bono Counsel is denied without prejudice.

There is no right to counsel in a civil case. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)); *see also Tabron v. Grace*, 6 F.3d 147, 153–54 (3d Cir. 1993). When deciding whether to appoint counsel under §1915, the Court must first be persuaded that a plaintiff's claim has some merit in law and fact. *Id.* at 155. If the Court finds a plaintiff's claim has threshold merit, the Court must then weigh a variety of factors to decide whether it is appropriate to appoint counsel: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility

determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id*. at 155–57. Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of pro bono counsel. *Id*. at 157; *see also Cagno v. Ivery*, Civ. No. 19-20384, 2021 WL 1788520, at *2 (D.N.J. May 5, 2021).

Here, Plaintiff's Motion to Appoint Pro Bono Counsel is premature. Specifically, because Plaintiff's Complaint has not yet been served on Defendant, Defendant has not responded to the allegations in the Complaint, and Plaintiff's application to proceed in forma pauperis has not yet been addressed by the Court, the Court lacks sufficient information to properly consider the factors outlined above. As such, Plaintiff's motion is denied without prejudice. Should Plaintiff wish to refile his motion for the appointment of pro bono counsel at a later stage, the Court will reconsider his motion at that time. Accordingly,

**IT IS** on this 17th day of February 2022,

**ORDERED** that Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 4) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that this Order terminates ECF No. 4.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
