NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOEL GRUEN,<br><br>                    Plaintiff,<br>v.<br><br>AHUVA GRUEN, *et al.*,<br><br>                    Defendants. | Civil Action No. 21-17224 (GC) (DEA)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Yoel Gruen's ("Plaintiff") Amended Complaint, filed on July 19, 2022. (ECF No. 12.) The Court has reviewed Plaintiff's application to proceed *In Forma Pauperis* ("IFP") and the Amended Complaint and will grant Plaintiff's IFP application. However, the Court will dismiss Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     BACKGROUND**

On June 8, 2022, the Court dismissed Plaintiff's Complaint under the *Rooker-Feldman* doctrine because Plaintiff was seeking to have the Court review a valid state court order. (ECF No. 9 at 4.[1]) Plaintiff was granted leave to file an amended complaint, and on July 1, 2022, Plaintiff filed his Amended Complaint. (*See generally* ECF No. 12.) The allegations in the Amended Complaint again appear to stem from a matrimonial dispute, in which a judgment was entered against Plaintiff in New Jersey state court by the Honorable Lisa Puglisi on October 11, 2019.

---

[1]     Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

1

(ECF No. 12 at 3.) Plaintiff alleges that Judge Puglisi, attorney Cipora Winters[2], and his ex-wife Ahuva Gruen all "conspired together to deny [Plaintiff] due process" by holding court proceedings without his presence while he was hospitalized. (*Id.*)

## II.     LEGAL STANDARD

The court may dismiss an IFP case at any time if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Brown v. Sage,* 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time'. . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)" ("Rule"). *Schreane v. Seana*, 506 Fed. Appx. 120, 122 (3d Cir. 2012).

When conducting a Rule 12(b)(6) motion, a district court conducts a three-part inquiry that consists of "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Within the Rule 12(b)(6) framework, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). However, "all civil complaints

---

[2]     Based on the Court's review of the record, it appears that Attorney Winters served as Defendant Gruen's counsel during the state court proceedings. (*See, e.g.*, ECF No. 12-4 at 1.) However, Plaintiff does not make this fact certain.

must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Fowler*, 578 F.3d at 210 (quoting *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009)). Although courts "tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings . . . *pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct."

### III.  DISCUSSION

Defendant's IFP application in this case has been completed with a sufficient degree of particularity, definiteness, and certainty. Defendant has indicated that he has no sources of income, other than disability payments, and is indigent. (*See* ECF No. 12-2.) For these reasons, Plaintiff's IFP application will be granted. Having granted Defendant IFP status, the Court now screens Plaintiff's Amended Complaint to determine whether he states a claim upon which relief can be granted.

The Court recognizes its obligation to liberally construe Plaintiff's submission because he is proceeding *pro se*, including "apply[ing] the applicable law, irrespective of whether he has mentioned it by name." *Dhulos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003). Plaintiff claims that he was denied due process by Judge Puglisi, attorney Winters, and Defendant Gruen because a judgment was entered against him while he was hospitalized.[3] (ECF No. 12 at 3.) As a result, Plaintiff seeks monetary compensation for the payments made and property distributed to his ex-

---

[3] For a full list of all the property and assets Plaintiff seeks to have the Court return to him, see ECF No. 12-4 at 1-2.

wife pursuant to a court order and for the hospital bills that Plaintiff claims he incurred arising from this alleged unlawful conduct. (*Id.* at 4.)

Plaintiff's claims center around an alleged conspiracy by Judge Puglisi, Attorney Winters, and Defendant Gruen to deprive him of his due process rights arising from a state court judgment entered against him without Plaintiff being notified. (*Id.* at 3.) However, even construing Plaintiff's allegations liberally, the Court dismisses Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. ROOKER-FELDMAN DOCTRINE AND JUDICIAL IMMUNITY[4]

Plaintiff's first claim against Judge Puglisi and Defendant Gruen is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars a non-prevailing-state-court-party from "complaining of injuries caused by state-court judgments[,] rendered before the district court proceedings commenced[,] and inviting district court review and rejection of those judgments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Rendon v. Fishman*, Civ. No. 19-20290, 2020 WL 6802449, at *6 (D.N.J. 2020) (dismissing a plaintiff's claim for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine).

Here, the Court finds that the *Rooker-Feldman* doctrine applies because Judge Puglisi entered judgment against Plaintiff on October 11, 2019 – nearly two years before Plaintiff filed this lawsuit on July 19, 2022. (ECF No. 12 at 3-5.) Moreover, the source of Plaintiff's injury appears to be the state court judgment as Plaintiff is asking the Court to return assets and/or

---

[4] Although the Court lacks subject-matter jurisdiction for Plaintiff's claims against Judge Puglisi, Attorney Winters, and Defendant Gruen under the *Rooker-Feldman* doctrine, the Court notes that they appear to maintain diverse citizenship pursuant to 28 U.S.C. § 1332. (*See* ECF No. 12 at 2-3.)

property seized following the state court's judgment against him. *Cycle Chem, Inc. v. Jackson,* 465 F. App'x 104, 108 (3d Cir. 2012) (noting that the Court "can determine whether a plaintiff is complaining of injuries caused by a state-court judgment by identifying the source of the plaintiff's injury.").

It appears that Plaintiff is seeking to have the Court review and reject the state court's judgment, which is not permitted, as the *Rooker-Feldman* doctrine bars a federal court from maintaining subject-matter jurisdiction over cases, if it "would mean that (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Easley v. New Century Mortg. Corp.,* 394 F. App'x 946, 948 (3d Cir. 2010) (quoting *In re Knapper,* 407 F.3d 573, 580 (3d Cir. 2005)). Here, adjudicating Plaintiff's claim would effectively require this Court to evaluate whether the state court judgment was erroneously entered against Plaintiff, and therefore, pursuant to the *Rooker-Feldman* doctrine this Court lacks subject-matter jurisdiction over the claims brought against Judge Puglisi and Defendant Gruen. *Eisenstein v. Ebsworth*, 148 Fed. App'x 75, 76-77 (3d Cir. 2005) (barring the plaintiff from "using the federal courts as a forum to appeal a state court judgment" after the plaintiff was ordered to pay child support). The claims against Judge Puglisi and Defendant Gruen are dismissed with prejudice. *See Cuevas v. Wells Fargo Bank, N.A.*, Civ. No. 14-6208, 2015 WL 5123746, at *5 (D.N.J. Sept. 1, 2015) *aff'd*, Civ. No. 15-3384, 2016 WL 759651 (3d Cir. Feb. 25, 2016) (applying *Rooker-Feldman* doctrine and dismissing complaint with prejudice for lack of subject-matter jurisdiction).

Next, Plaintiff alleges that Attorney Winters also took part in a conspiracy to deprive him of his due process rights by having Court without Plaintiff being notified or in attendance. (ECF

No. 12 at 3.) However, this claim is also barred by the *Rooker-Feldman* doctrine. *See Barel v. Off. of Clerk of Superior Ct. of New Jersey*, 834 F. App'x 763, 766 (3d Cir. 2020) (dismissing due process claim with prejudice against opposing counsel under *Rooker-Feldman* as the plaintiff alleged that opposing counsel filed a writ of possession in state court that was allegedly not properly witnessed by a judge and stating "whether the writ of possession was appropriately authorized under the state court's rules was a matter for the state court to address."); *Grine v. Colburn's Air Conditioning & Refrigeration*, Civ. No. 09-11, 2009 WL 2634179, at *5 (W.D. Pa. Aug. 25, 2009), *aff'd* 382 F. App'x 203 (3d Cir. 2010) (dismissing constitutional violation against opposing counsel for alleged violations that occurred during a state court action under the *Rooker-Feldman* doctrine). Like *Barel*, Plaintiff's claim that Attorney Gruen somehow violated a right of his for allegedly not notifying him of a state court hearing is a matter for the state court to address, and a matter that this Court lacks the subject-matter jurisdiction to hear. *Barel*, 834 F. App'x at 766. Plaintiff's claim against Attorney Winters is dismissed with prejudice.

Moreover, even if the *Rooker-Feldman* doctrine did not bar the claims against Judge Puglisi, which the Court already found that it does, the claims against Judge Puglisi in her official capacity cannot stand as a matter of law under the Eleventh Amendment. The Eleventh Amendment bars civil lawsuits against states, "but also suits for damages against 'arms of the State'—entities that, by their very nature, are so intertwined with the State that any suit against them renders the State the 'real, substantial party in interest.'" *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (citation omitted). It is well settled by the United States Court of Appeals for the Third Circuit that judges are considered "arms" of the state, and therefore immune from suit, both monetary and equitable, for conduct that occurred while serving in their official capacity as a judge. *See Dongon v. Banar*, 363 Fed. Appx. 153, 156 (3d Cir. 2010) ("[S]tate courts,

its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."); *see also ASAH v. N.J. Dep't of Educ.*, Civ. No. 16-3935, 2017 WL 2829648, at *8 (D.N.J. Jun. 30, 2017) (noting that courts "have routinely held that sovereign immunity applies to a state or state agency, regardless of whether legal or equitable relief is sought."). As such, any suit against Judge Puglisi in her official capacity must be dismissed as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### V. ORDER

For the reasons stated above, and other good cause shown,

**IT IS**, on this 31st day of October, 2023,

**ORDERED** that Defendant's application to proceed *in forma pauperis* (ECF. No 12) is **GRANTED**; it is further

**ORDERED** that the Amended Complaint (ECF No. 12) is **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall **CLOSE** this case.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**